# EXHIBIT A

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

RICHARD JEAN MARY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

PROFESSIONAL PARKING MANAGEMENT CORPORATION,

    Defendant.

_____/

Case No.: CACE-24-007630

CLASS REPRESENTATION

JURY TRIAL DEMANDED

### WAIVER OF SERVICE

    I acknowledge receipt of your request that I waive service of process in the lawsuit of *Jean Mary v. Professional Parking Management Corporation*, Case No. CACE-24-007630 in the Broward County Court. I have also received a copy of the complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of process and an additional copy of the complaint in this lawsuit by not requiring that I, or the entity on whose behalf I am acting, be served with judicial process in the manner provided by Fla. R. Civ. P. 1.070.

    If I am not the defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows: (describe relationship to person or entity and authority to accept service): ____Cozen O'Connor, Jason Domark, Attorneys for *Professional Parking Management Corporation*_____.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

DATED ON: June 27, 2024

                                                                 _____
                                                                   Defendant or Defendant's Representative

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you have a hearing or voice disability you can contact the court through the Florida Relay Service by calling 711."

# RETURN OF SERVICE

| State of Florida | County of BROWARD | Circuit Court |

Case Number: CACE-24-007630

Plaintiff:
**RICHARD JEAN MARY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

vs.

Defendant:
**PROFESSIONAL PARKING MANAGEMENT CORPORATION**



OJF2024013364

For:
RACHEL DAPEER
DAPEER LAW, PA
300 S. BISCAYNE BLVD
#2704
MIAMI, FL 33131

Received by OJF SERVICES, INC. on the 4th day of June, 2024 at 7:23 pm to be served on **PROFESSIONAL PARKING MANAGEMENT CORPORATION C/O BRYANT ORUE, 1314 E. LAS OLAS BLVD., SUITE 405, FT. LAUDERDALE, FL 33301**.

I, FELIX ONATE, do hereby affirm that on the **13th day of June, 2024** at **11:14 am**, I:

**SUBSTITUTE - PRIVATE MAILBOX:** served by delivering a true copy of the **SUMMONS AND COMPLAINT** to: **MICHELLE F**, a person in charge at the recipient's private mailbox at the address of: **1314 E. LAS OLAS BLVD., SUITE 405, FT. LAUDERDALE, FL 33301**; the only address known after reasonable investigation and after determining that the person or business to be served maintains a mailbox at this location, in compliance with State Statutes, 48.031(6), 48.081(3)(b)

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525. ELECTRONIC SIGNATURES ARE NOW PERMITTED PURSUANT TO FLORIDA STATUTE 48.21. NOTARY ARE NOT REQUIRED PURSUANT TO F.S. 92.525(2).

FELIX ONATE
SPS #473

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2024013364

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 06/17/2024 11:19:39 AM.****

```
                              DELIVERED  6/13/2024 11:14 AM
                              SERVER     FO
Filing # 199788457 E-Filed 06/04/2024 12:11:29 PM
                              LICENSE    SPS #473
```

# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO. CACE-24-007630

RICHARD JEAN MARY, individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

PROFESSIONAL PARKING MANAGEMENT
CORPORATION,

        Defendant.
_____/

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

**PROFESSIONAL PARKING MANAGEMENT CORPORATION**
c/o BRYANT ORUE
1314 EAST LAS OLAS BLVD, SUITE 405
FORT LAUDERDALE, FL 33301

    Each Defendant is required to serve written defenses to the Complaint or petition on: **Rachel Dapeer, Dapeer Law, P.A., 20900 NE 30th Ave., Suite 417, Miami, Florida 33180**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this_____day of_____     JUN 04 2024

                                    As Clerk of the Court

                                    By:___

                                    As Deputy Clerk

                                    **BRENDA D. FORMAN**

13364

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/04/2024 12:11:24 PM.****

Filing # 199788457 E-Filed 06/04/2024 12:11:29 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE-24-007630

RICHARD JEAN MARY, individually and
on behalf of all others similarly situated,

**CLASS ACTION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

PROFESSIONAL PARKING MANAGEMENT
CORPORATION,

DATE: _____   TIME: _____

Defendant.

_____/   INITIALS: _____   ID #: _____

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

PROFESSIONAL PARKING MANAGEMENT CORPORATION
c/o BRYANT ORUE
1314 EAST LAS OLAS BLVD, SUITE 405
FORT LAUDERDALE, FL 33301

Each Defendant is required to serve written defenses to the Complaint or petition on: **Rachel Dapeer, Dapeer Law, P.A., 20900 NE 30th Ave., Suite 417, Miami, Florida 33180,** within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this_____day of_____   JUN 04 2024

As Clerk of the Court

By:___

As Deputy Clerk

**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 06/04/2024 12:11:24 PM.****

Filing # 199612552 E-Filed 05/31/2024 03:40:56 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

RICHARD JEAN MARY,
individually and
on behalf of all others similarly situated,

**CLASS REPRESENTATION**

Plaintiff,

**JURY TRIAL DEMANDED**

v.

PROFESSIONAL PARKING
MANAGEMENT CORPORATION,

Defendant.
_____/

### CLASS ACTION COMPLAINT

Plaintiff Richard Jean Mary brings this class action against Defendant Professional Parking Management Corporation, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. This is a putative class action for violations of the Driver's Privacy Protection Act, 18 U.S.C. § 2721-2725 ("DPPA").

2. In violation of the DPPA, Defendant knowingly and without consent obtained Plaintiff's and the Class Members' personal information, including their names and home addresses, from non-public motor vehicle state records, and used it to send parking tickets to Plaintiff's and the Class Members' homes.

3. Defendant's DPPA violations caused Plaintiff and the Class Members harm, including violations of their statutory privacy rights, harassment, annoyance, nuisance, invasion of their privacy,

1

and intrusion upon seclusion in a space that is personal and private to Plaintiff and the Class Members.

4. Plaintiff seeks, on behalf of himself and each member of the proposed Class, statutory damages under the DPPA in the amount of $2,500, reasonable attorney's fees and other litigation costs reasonably incurred, and such other equitable relief as the court determines appropriate, including injunctive relief in the form of a prohibition on Defendants obtaining, using and disclosing personal information obtained from any department of motor vehicles ("DMV") to send surprise tickets through the mail to consumers' residences.

## PARTIES

5. Plaintiff is, and at all times relevant hereto was, a citizen and resident of Broward County, Florida.

6. Defendant is, and at all times relevant hereto was foreign corporation with its headquarters located at 1314 East Las Olas Blvd., Suite 405, Fort Lauderdale, FL 33301.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8. Defendant is subject to general personal jurisdiction in Florida because its principal place of business is in Florida.

9. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## THE DPPA

10. DPPA was enacted in 1994 to protect the privacy of licensed drivers, and to limit misuse of personal information contained within DMV records. The DPPA imposes strict rules

2

for collecting personal information contained within DMV records, and imposes liability for the collection and/or use of such personal information. *See generally* 18 U.S. Code § 2721, et al.

11. Specifically, the DPPA provides: "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains."

12. "Personal information" under the DPPA "means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

13. "Motor vehicle record" is defined to include "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles[.]" 18 U.S.C § 2725(1).

14. The fourteen (14) permissible uses of personal information under the DPPA are as follows:

> (1) For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.
>
> (2) For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.
>
> (3) For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only-
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents,

employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

(4) For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

(5) For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

(6) For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

(7) For use in providing notice to the owners of towed or impounded vehicles.

(8) For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

(9) For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

(10) For use in connection with the operation of private toll transportation facilities.

(11) For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.

(12) For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.

(13) For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

4

(14) For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

## FACTS

15. Defendant manages private parking lots throughout Florida and the United States.

16. Defendant installs license plate recognition cameras within the parking lots it manages. These cameras capture the license plates of vehicles entering and leaving the private parking lots Defendant manages.

17. When Defendant determines that "a parking charge is due, *the vehicle owner's data is requested from the DMV and a parking charge is sent.*" https://professionalparkingmgt.com/faqs (emphasis added).

18. On or about December 23, 2023, Plaintiff parked his vehicle at a parking lot managed by Defendant, located at 300 W. Broward Blvd., Fort Lauderdale, FL 33312.

19. On or about December 27, 2023, Defendant sent a letter asserting a purported "parking charge notice" to Plaintiff's residence demanding payment of $90.00, which would be reduced to $55.00 if Plaintiff made the payment within 15 days of the letter.

20. Defendant's letter included photos of Plaintiff's vehicle's license plate taken by Defendant's license plate recognition cameras.

21. Plaintiff never provided his name or home address to Defendant.

22. Plaintiff never authorized Defendant to obtain his personal information from any motor vehicle record.

23. As it admits on its website, Defendant knowingly obtained and used Plaintiff's personal information from a record maintained by the DMV by cross referencing Plaintiff's license plate with vehicle registration data maintained by the DMV. This occurred without

5

Plaintiff's authorization or consent.

24. Defendant's use of Plaintiff's personal information to transmit a "parking charge notice" was not a permitted use under the DPPA.

25. Upon information and belief, including based on Defendant's online admission, and numerous online consumer complaints about Defendant's parking notices, Defendant regularly engages in the practice of utilizing license plate recognition cameras to capture vehicle license plates, and then uses those license plate numbers to acquire, without authorization or consent, the personal information of individuals that park their vehicles in lots managed by Defendant from DMVs around the country.

26. After acquiring personal information from the DMVs, Defendant impermissibly utilizes the information to send parking notices to consumers' homes.

27. Defendant's conduct and DPPA violation caused Plaintiff and the Class Members harm, including violations of their statutory privacy rights, harassment, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion in a space that is personal and private to Plaintiff and the Class Members.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

28. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The Class that Plaintiff seeks to represent is defined as:

6

> All individuals residing in the United States whose personal information Defendant obtained, disclosed, and/or used from a motor vehicle record during the four years prior to the filing of this lawsuit through the date of class certification.

29. Defendant and its employees or agents are excluded from the Class.

**NUMEROSITY**

30. Plaintiff is informed and believes that there are at least 50 class members given Defendant's regular use of DMV records to locate consumers without their consent and not for a purpose enumerated under the DPPA.

31. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**COMMON QUESTIONS OF LAW AND FACT**

32. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (a) Whether Defendant obtained, disclosed, and/or used Plaintiff's and the Class Members' personal information from a motor vehicle record;
>
> (b) Whether Defendant's use Plaintiff's and the Class Members' personal information is permitted under the DPPA;
>
> (c) Whether Defendant knowingly obtained, disclosed, and/or used Plaintiff's and the Class Members' personal information from a motor vehicle record; and
>
> (d) Whether Defendant is liable for damages, and the amount of such damages.

33. The common questions in this case are capable of having common answers, and Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

7

**TYPICALITY**

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

35. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

36. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

37. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of 18 U.S.C. § 2721, *et seq.***
**(On Behalf of Plaintiff and the Class)**

38. Plaintiff re-alleges and incorporates the allegations set forth in paragraphs 1 through 37 as if fully set forth herein.

39. Under the DPPA, "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be

8

liable to the individual to whom the information pertains."

40. "Personal information" under the DPPA "means information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." 18 U.S.C. § 2725(3).

41. "Motor vehicle record" is defined to include "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles[.]" 18 U.S.C § 2725(1).

42. Plaintiffs and Class Members are individuals within the meaning of 18 U.S.C. §2725(2).

43. Plaintiff's and the Class Members' names and addresses are personal information under the DPPA.

44. Defendant knowingly obtained, disclosed, and/or used Plaintiff's and the Class Members' personal information from motor vehicle records without consent or authorization.

45. Defendant violated the DPPA by knowingly obtaining, disclosing, and/or using Plaintiff's and the Class Members' personal information from motor vehicle records for a purpose not permitted under the DPPA, i.e., to cross-reference their license plates and send parking notices to Plaintiff's and the Class Members' homes.

46. Defendant's DPPA violations and notices sent by Defendant caused Plaintiff and the Class Members harm, including violations of their statutory privacy rights, harassment, annoyance, nuisance, invasion of their privacy, and intrusion upon seclusion in a space that is personal and private to Plaintiff and the Class Members.

47. Pursuant to the DPPA, Plaintiff and the Class Members seek: (i) declaratory relief; (ii) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with DPPA's requirements; (iii) statutory damages of $2,500 for each violation of the DPPA pursuant to 18 U.S.C. § 2724(a) and (iv) reasonable attorneys' fees and costs and other litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages of $2,500 of each violation of the DPPA for Plaintiff and each member of the Class as permitted under the DPPA;

c) An order declaring that Defendant's actions, as set out above, violate the DPPA;

d) An injunction requiring Defendant to cease all future violations of the DPPA;

e) Attorney's fees and costs incurred in the prosecution of this action; and

f) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: May 31, 2024

Respectfully submitted,

**DAPEER LAW P.A.**

*/s/ Rachel Dapeer*
Rachel Dapeer, Esq.
Florida Bar No. 108039
20900 NE 30th Ave.
Suite 417

10

        Aventura, FL 33180
        Telephone: 305-610-5223
        Email: rachel@dapeer.com

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff and the Class*

11

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.   CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Richard Jean Mary</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Professional Parking Management Corporation</u>
Defendant

**II.   AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III.   TYPE OF CASE**   (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☒ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

  1

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☒ yes
☐ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX. DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rachel N. Dapeer      Fla. Bar # 108039
    Attorney or party      (Bar # if attorney)

Rachel N. Dapeer      05/31/2024
(type or print name)      Date